UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. DOERING,

       Plaintiff,                        No. 14-12413

v.                                       District Judge Patrick J. Duggan
                                              Magistrate Judge R. Steven Whalen

JP MORGAN CHASE BANK, N.A.,

       Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Steven J. Doering's Motion for Leave to Amend Complaint [Doc. #32]. For the following reasons, the motion will be DENIED.

Despite the general rule of liberality with which leave to file amended complaints is to be granted, *see* Fed.R.Civ.P. 15(a), the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993). The Plaintiff's proposed amended claims in this case fail as a matter of law, and permitting the amendment would therefore be futile.

The Plaintiff's claims arise from a loan and mortgage contract. The claims for intentional infliction of emotional distress (Count 1), negligent infliction of emotional distress (Count II), negligence (Count III), and fraudulent misrepresentation (Count IV) are all torts, and thus barred by the economic loss doctrine. "Under Michigan law, a party is barred from recovering economic losses in tort, where those losses were suffered because of a breach of duty assumed only by contract." *Kemp v. Resurgent Capital*

-1-

*Services*, 2013 WL 5707797, *9 (E.D.Mich. 2013), citing *Neibarger v. Universal Coops,* 439 Mich. 512, 525–26, 486 N.W.2d 612 (1992); *Fultz v. Union Commerce–Assoc.,* 470 Mich. 460, 467, 683 N.W.2d 587 (2004).[1]

In addition, as a substantive matter, the proposed amended complaint does not set forth a plausible claim of either intentional or negligent infliction of emotional distress. To establish intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness (or negligence), (3) causation, and (4) severe emotional distress." *Graham v. Ford,* 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999); *Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. Under this standard, it is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The Plaintiff does not dispute that he defaulted on his mortgage. As a result, Chase

---

[1]. In *Huron Tool and Engineering Company v. Precision Consulting Services, Inc.*, 209 Mich.App. 365, 532 N.W.2d 541 (1995), the court held that a claim of fraud in the inducement could survive independently of breach of contract claims, so long as the fraud claim was extraneous to the contractual dispute. *Id.*, 209 Mich.App. at 372-75. The court explained that "a claim of fraud in the inducement, by definition, redresses misrepresentations that induce the buyer to enter into a contract but that do not in themselves constitute contract or warranty terms subsequently breached by the seller." *Id*. In this case, Plaintiff's claim of fraudulent misrepresentation cannot plausibly be construed as a claim of fraud in the inducement, or fraud that is extrinsic to the contractual dispute.

-2-

initiated foreclosure proceedings, as it was permitted to do. Chase's alleged failure to provide information or documentation to the Plaintiff does not rise to level of outrageous conduct, or conduct that would lead to severe emotional distress.

In *Hesse v. Ashland Oil, Inc.,* 466 Mich. 21, 34, 642 N.W.2d 330 (2002), the Court set for the elements of negligent infliction of emotional distress as follows:

> "(1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock 'fairly contemporaneous' with the accident."

"Michigan has refused 'to apply the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result.'" *Samberg v. Detroit Water & Sewer Co.*, 2015 WL 2084682, *3 (E.D.Mich. 2015) (quoting *Duran v. The Detroit News,* 200 Mich.App. 622, 629, 504 N.W.2d 715 (1993)). Again, Plaintiff's claims arise from his own default on a mortgage and subsequent foreclosure proceedings. This is not a case where he suffered emotional harm after witnessing a negligent injury to a third person.

Plaintiff's proposed claims of negligent misrepresentation and breach of contract also fail as a matter of law. These claims are based on Chase's alleged unfulfilled promise to provide "the costs breakdown and proof of the listed service documents," *Proposed Amended Complaint*, Doc. #32, ¶ 62, and Chase's promise "to reinstate Plaintiff's loan upon payment of back installments and then refusing to provide accurate amount of arrearage and the institution of foreclosure proceedings." *Id* ¶ 67. A claim of negligent misrepresentation requires a showing of a duty of care. Chase's duties to Plaintiff were contained in the mortgage, under which it was entitled to pursue foreclosure upon

Plaintiff's default. There was no duty within the mortgage contract that would entitle the Plaintiff to "the costs breakdown and proof of the listed services documents." As to the claimed breach of contract, any oral promises that are not incorporated into the mortgage contract with a financial institution–and these were not–are barred by the statute of frauds. *Crown Tech Park v. D&N Band, FSB*, 242 Mich.App. 538, 550, 619 N.W.2d 66 (2000).

Because Plaintiff's claims would not survive a motion to dismiss, his motion for leave to amend his complaint [Doc. #32] is DENIED.

IT IS SO ORDERED.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 26, 2015


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 26, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen