UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. DOERING,

               Plaintiff,                    No. 14-12413

v.                                  District Judge Patrick J. Duggan
                                  Magistrate Judge R. Steven Whalen

JP MORGAN CHASE BANK, N.A.,

               Defendant.

_____ /

## REPORT AND RECOMMENDATION

    Plaintiff Steven J. Doering filed a *pro se* civil complaint in the Macomb County Circuit Court. On June 20, 2014, Defendant JP Morgan Chase Bank, N.A. ("Chase") removed the case to this Court based on diversity jurisdiction. Before the Court is Defendant's motion to dismiss [Doc. #17], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

## I.    FACTS

    This is a mortgage foreclosure case. In 2002, the Plaintiff obtained a loan of $84,500.00 from Washington Mutual Bank, secured by a mortgage on real property in Macomb County, Michigan. On February 4, 2013, Washington Mutual assigned the mortgage to Defendant Chase. Chase initiated foreclosure proceedings, but no foreclosure sale has taken place.

    On July 8, 2014, Plaintiff filed a Chapter 13 bankruptcy petition, and on January 28, 2015, the Bankruptcy Court entered an order lifting the automatic stay so that Chase

could pursue dismissal of the present action.

Plaintiff's original complaint is extremely terse. In unadorned terms, it alleges wrongful charges, failure to prove costs, and wrongful foreclosure. On May 5, 2015, Plaintiff filed a motion to amend his complaint to add the following six counts: (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, (3) negligence, (4) fraudulent misrepresentation, (5) negligent misrepresentation, and (6) breach of contract.

By separate order, I am denying Plaintiff's motion to amend. However, insofar as he has submitted the proposed amended complaint as an exhibit in response to Chase's motion to dismiss, and in deference to the fact that Plaintiff is proceeding without counsel, I will consider the amended allegations in making my recommendation.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need

-2-

not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## III.   DISCUSSION

Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a

-3-

recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). *See also Iqbal,* 556 U.S. at 678–79. The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). A court "should not have to guess at the nature of the claim asserted." *Id.*

On its face, the original complaint in this case fails to meet the pleading standards of Rule 8(a) and *Iqbal*. It alleges a wrongful foreclosure, but is devoid of facts to show exactly how the foreclosure was improper. Likewise, it alleges that the Plaintiff was assessed improper costs, but does not describe those costs. The complaint does not set forth any coherent legal basis for relief.

While the proposed amended complaint sets forth more facts and makes specific legal claims, the Plaintiff does not fare any better if the Court considers those allegations.

The Plaintiff's claims arise from a loan and mortgage contract. The claims for intentional infliction of emotional distress (Count 1), negligent infliction of emotional distress (Count II), negligence (Count III), and fraudulent misrepresentation (Count IV) are all torts, and thus barred by the economic loss doctrine. "Under Michigan law, a party is barred from recovering economic losses in tort, where those losses were suffered because of a breach of duty assumed only by contract." *Kemp v. Resurgent Capital Services*, 2013 WL 5707797, *9 (E.D.Mich. 2013), citing *Neibarger v. Universal Coops,* 439 Mich. 512, 525–26, 486 N.W.2d 612 (1992); *Fultz v. Union Commerce–Assoc.,* 470 Mich. 460, 467, 683 N.W.2d 587 (2004).[1]

---

[1] . In *Huron Tool and Engineering Company v. Precision Consulting Services, Inc.*, 209 Mich.App. 365, 532 N.W.2d 541 (1995), the court held that a claim of fraud in the inducement could survive independently of breach of contract claims, so long as the fraud claim was extraneous to the contractual dispute. *Id.*, 209 Mich.App. at 372-75. The court explained that "a claim of fraud in the inducement, by definition, redresses

In addition, as a substantive matter, the proposed amended complaint does not set forth a plausible claim of either intentional or negligent infliction of emotional distress. To establish intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness (or negligence), (3) causation, and (4) severe emotional distress." *Graham v. Ford,* 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999); *Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. Under this standard, it is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The Plaintiff does not dispute that he defaulted on his mortgage. As a result, Chase initiated foreclosure proceedings, as it was permitted to do. Chase's alleged failure to provide information or documentation to the Plaintiff does not rise to level of outrageous conduct, or conduct that would lead to severe emotional distress.

In *Hesse v. Ashland Oil, Inc.,* 466 Mich. 21, 34, 642 N.W.2d 330 (2002), the Court set for the elements of negligent infliction of emotional distress as follows:

"(1) serious injury threatened or inflicted on a person, not the plaintiff, of a

---

misrepresentations that induce the buyer to enter into a contract but that do not in themselves constitute contract or warranty terms subsequently breached by the seller." *Id*. In this case, Plaintiff's claim of fraudulent misrepresentation cannot plausibly be construed as a claim of fraud in the inducement, or fraud that is extrinsic to the contractual dispute.

nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock 'fairly contemporaneous' with the accident."

"Michigan has refused 'to apply the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result.'" *Samberg v. Detroit Water & Sewer Co.*, 2015 WL 2084682, *3 (E.D.Mich. 2015) (quoting *Duran v. The Detroit News,* 200 Mich.App. 622, 629, 504 N.W.2d 715 (1993)). Again, Plaintiff's claims arise from his own default on a mortgage and subsequent foreclosure proceedings. This is not a case where he suffered emotional harm after witnessing a negligent injury to a third person.

Plaintiff's proposed claims of negligent misrepresentation and breach of contract also fail as a matter of law. These claims are based on Chase's alleged unfulfilled promise to provide "the costs breakdown and proof of the listed service documents," *Proposed Amended Complaint*, Doc. #32, ¶ 62, and Chase's promise "to reinstate Plaintiff's loan upon payment of back installments and then refusing to provide accurate amount of arrearage and the institution of foreclosure proceedings." *Id* ¶ 67. A claim of negligent misrepresentation requires a showing of a duty of care. Chase's duties to Plaintiff were contained in the mortgage, under which it was entitled to pursue foreclosure upon Plaintiff's default. There was no duty within the mortgage contract that would entitle the Plaintiff to "the costs breakdown and proof of the listed services documents." As to the claimed breach of contract, any oral promises that are not incorporated into the mortgage contract with a financial institution–and these were not–are barred by the statute of frauds. *Crown Tech Park v. D&N Band, FSB*, 242 Mich.App. 538, 550, 619 N.W.2d 66 (2000).

-6-

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's motion to dismiss [Doc. #17] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 26, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 26, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen