UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. DOERING,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

Case No. 14-cv-12413

Honorable Patrick J. Duggan

Magistrate Judge R. Steven Whalen

## **OPINION AND ORDER**

    Pro se Plaintiff Steven Doering instituted this residential mortgage foreclosure action in state court challenging Defendant JPMorgan Chase Bank's decision to institute foreclosure-by-advertisement proceedings pursuant to Michigan's statutory scheme. After removing the action to this Court, Defendant answered Plaintiff's complaint, discovery commenced. There being several discovery disputes, the case was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

During the course of discovery, Defendant filed a "motion to dismiss" pursuant to Federal Rule of Civil Procedure 12(c).[1]  (ECF No. 17.)  Plaintiff filed a response and an amended response to Defendant's motion (ECF Nos. 25, 26), and Defendant replied (ECF No. 28).  Prior to any ruling on Defendant's motion, Plaintiff filed a motion for leave to amend his complaint (ECF No. 32), which was referred to Magistrate Judge Whalen (ECF No. 33).  Defendant filed a response to the motion to amend on May 19, 2015.  (ECF No. 34.)

On May 26, 2015, Magistrate Judge Whalen issued an Opinion and Order denying Plaintiff's motion to amend, despite the fact that Plaintiff had until May 27, 2015 to file a reply brief.  (ECF No. 35.)  Also on May 26, 2015, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") recommending that this Court grant defendant's dispositive motion and dismiss Plaintiff's complaint.  Magistrate Judge Whalen informed the parties of their right to file objections to the R&R.  The following day, Plaintiff filed his reply brief in support of his motion for leave to amend.  (ECF No. 38.)

On June 8, 2015, Plaintiff filed two sets of "objections," although one is technically an appeal of a non-dispositive order: (1) Plaintiff objected to Magistrate Judge Whalen's decision denying his motion to amend and also (2) objected to the conclusions reached by Magistrate Whalen in the R&R.  (ECF Nos. 39, 40.)

---

[1] Motions filed pursuant to this rule are properly labeled as motions for judgment on the pleadings.

2

Defendant responded to both sets of objections within the required timeframe (ECF No. 41), and Plaintiff replied (ECF No. 42).

It is these two sets of "objections" that are presently before the Court. For the reasons stated, the Court overrules Plaintiff's objections, adopts the R&R, and dismisses this civil action with prejudice.

## I.    BACKGROUND

### A.    Factual

"Plaintiff's original complaint is extremely terse." (R&R 2.) "In unadorned terms, it alleges wrongful charges, failure to prove costs, and wrongful foreclosure." (*Id.*) In his proposed amended complaint, attached to his motion for leave to file an amended complaint, Plaintiff shored up the factual allegations and delineated separate causes of action, those being: Count I – intentional infliction of emotional distress; Count II – negligent infliction of emotional distress; Count III – negligence; Count IV – fraudulent misrepresentation; Count V – negligent misrepresentation; and Count VI – breach of contract. Because the proposed amended complaint paints a more complete picture of what transpired in this case, the Court relies on that document for the factual recitation that follows.

Plaintiff filed for Chapter 13 bankruptcy, which was "dismissed" in late 2013. (Prop. Am. Compl. ¶ 8.) Prior to being discharged, Plaintiff and his bankruptcy counsel discussed how to bring his mortgage current. (*Id.*) After the

3

proceedings had terminated, Plaintiff had discussions with Defendant on the subject of bringing his mortgage up to date and making payments so that he would be current. (*Id.* ¶¶ 8-9.) However, "Plaintiff did not hear from [Defendant] regarding bringing the past due payments current on the Property until December 5, 2013 because [Defendant] was sending notifications and information to a different address than Plaintiff's property address where he resided." (*Id.* ¶ 10.) After hearing from Defendant, Plaintiff made mortgage payments in December of 2013 and again on January 9, 2014.[2] (*Id.* ¶ 11.)

On January 23, 2014, Defendant sent a notice to Plaintiff indicating what was owed on the subject property "without any itemization or breakdown of the amounts owed." (*Id.* ¶ 12.) One week later, Warren Canna, an individual working for Defendant, informed Plaintiff "that the Property was in foreclosure with a sale date of January 22, 2014 and a new sale date would be set for February 22, 2014."[3] (*Id.* ¶ 13.) Plaintiff indicated that "he would bring the payments current[.]" (*Id.* ¶

---

[2] These payments were accepted by Defendant. However, in February, an employee of Defendant told Plaintiff not to make a February 2014 payment, as the Property was in foreclosure and the bank would not accept the payment. (Prop. Am. Compl. ¶ 20.) Although Plaintiff was told on at least two occasions that the Property was in foreclosure, Plaintiff spoke with an employee of Orleans Associates, P.C. on February 13, 2014, and this individual told Plaintiff that the Property was not in foreclosure. (*Id.* ¶ 22.)

[3] Apparently, this date was not scheduled because on February 10, 2014, an employee of Defendant indicated that "she was unsure of the sale date." (Prop. Am. Compl. ¶ 19.)

14.) During the first week of February of 2014, Plaintiff spoke with "Emilly Sukhbayer," another employee of Defendant, and left a message for her "about paying off the amount owed and bringing the Property current." (*Id.* ¶ 15.)

Also in early February, Plaintiff "received a Reinstatement Quote from [Defendant] with no explanation of" what the corporate advances charges represented.[4] (*Id.* ¶ 16.) Plaintiff contacted "Machiel Whillheight," another employee of Defendant, "and was told the Corporate Advances explanation would reach Plaintiff within 7-10 days." (*Id.* ¶ 17.) Plaintiff received a breakdown of costs from Defendant in mid-February, but the information was not explained to Plaintiff's satisfaction.[5] (*Id.* ¶ 21.) Plaintiff contacted someone at the bank on February 22, 2014, indicating that he had still not received a total breakdown of the costs as promised. (*Id.* ¶ 23.) Soon thereafter, Plaintiff received a letter from Defendant indicating that it was researching his request.[6] (*Id.* ¶ 24.) He

---

[4] This document, dated February 4, 2014, is attached to Plaintiff's objections to Magistrate Judge Whalen's Order denying Plaintiff's motion to amend in Exhibit 2. It indicates that the "total amount due to reinstate this Loan is $7,962.56." One of the items contained in the reinstatement quote is for "Corporate Advances" in the amount of $3,347.13.

[5] This document, dated February 12, 2014, is attached to Plaintiff's objections to Magistrate Judge Whalen's Order denying Plaintiff's motion to amend in Exhibit 2. It contains a "list of Corporate Recoverable Fees." These fees date back to 2007 and amount to $3,347.13.

[6] This document is attached to Plaintiff's objections to Magistrate Judge Whalen's Order denying Plaintiff's motion to amend in Exhibit 2.

subsequently received another document breaking down the costs, but it was the same one he previously received, and, Plaintiff implies, it was similarly deficient, as it did not fully explain the various costs and fees. (*Id.* ¶¶ 24-25.) He received another document with the costs, but there was "no proof that any of the listed services were actually performed." (*Id.* ¶ 28.)

This back-and-forth continued at least through April of 2014, with Plaintiff requesting further explanation, and none being provided. (*Id.* ¶¶ 32-37.) He informed Defendant that he had been living in the Property since 1981, and that he had therefore been residing in the house when the services for which he was being billed (e.g., winterizing the Property) were rendered, and he disputed the costs as he did not believe that the services had actually been performed. (*Id.* ¶ 38.)

Plaintiff filed a Chapter 13 bankruptcy petition in May of 2014 to avoid losing the Property. (*Id.* ¶ 42.) In early June 2014, Defendant told Plaintiff that he could "still bring the Property current with more payments but was still not given proof that the listed services were performed." (*Id.* ¶ 40.) Soon thereafter, Orleans Associates, P.C. set up a sale date for the Property. (*Id.* ¶ 41.) It does not appear that the Property has yet been sold at a sheriff's sale. Importantly, Plaintiff does not dispute that he defaulted on his mortgage and that Defendant, therefore, had a contractual right to institute foreclosure proceedings.

B.   **Procedural History**

In his May 26 Opinion and Order, and after having addressed each of the six counts contained in Plaintiff's proposed amended complaint, Magistrate Judge Whalen denied Plaintiff's motion for leave to amend on the basis that amendment would be futile. He reached this conclusion after determining that each of the proposed counts failed as a matter of law. (5/26/15 Op. & Order 1.) In an R&R issued on the same date, the magistrate judge recommended granting Defendant's motion for judgment on the pleadings.

## II. STANDARD OF REVIEW

The Federal Magistrates Act of 1968, Pub. L. No. 90-578, 82 Stat. 1107, "creates two different standards of review for district courts when a magistrate court's finding [or recommendation] is challenged in district court [by way of a party's objection]. A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of [28 U.S.C.] § 636(b)(1)(A). [] Conversely, 'dispositive motions' excepted from § 636(b)(1)(A), . . . are governed by the *de novo* standard." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal quotations omitted); *see also* 28 U.S.C. § 636(b)(1)(A)-(C); Fed. R. Civ. P. 72.

When a party objects to a magistrate judge's non-dispositive orders, such as the order regarding Plaintiff's motion to amend here, a reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the

7

magistrate judge's ruling is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When an objection is lodged against a magistrate judge's report and recommendation on a dispositive matter, such as the R&R addressing Defendant's Rule 12(c) motion here, courts review the objections under the lens of de novo review. In conducting this review, courts reexamine the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be "accept[ed], reject[ed], or modif[ied], in whole or in part[.]" 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). This does not, however, require a court "to articulate all of the reasons it rejects a party's

objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).

## III. ANALYSIS

### A. Plaintiff's "Objections" to Magistrate Judge Whalen's Decision to Deny Plaintiff's Motion to Amend

Objection Nos. 1-3:

In his first objection, Plaintiff first contends that Magistrate Judge Whalen erred when he issued the order denying Plaintiff's motion to amend before his reply brief was due. This argument is not well-taken, as reply briefs are not a vehicle to raise new or additional arguments. Furthermore, having reviewed the reply brief, there is nothing that would have altered the magistrate judge's decision. Plaintiff's second objection, which is related to the first in that it suggests that the magistrate judge should have considered the reply even after issuing his decision, is similarly lacking in merit.

In his next objection, Plaintiff argues that because the denial of his motion to amend was effectively dispositive, Magistrate Judge Whalen should have issued an R&R in lieu of an Opinion and Order. This argument, however, misses the mark, particularly in light of Magistrate Judge Whalen's careful analysis of Plaintiff's proposed amended complaint in the R&R addressing Defendant's dispositive Rule 12(c) motion. Indeed, Magistrate Judge Whalen explicitly noted the interrelatedness of Plaintiff's motion to amend and Defendant's Rule 12(c) motion:

9

> By separate order, I am denying Plaintiff's motion to amend. However, insofar as he has submitted the proposed amended complaint as an exhibit in response to [Defendant]'s motion to dismiss, and in deference to the fact that Plaintiff is proceeding without counsel, I will consider the amended allegations in making my recommendation.

(R&R 2.) In light of the magistrate judge's treatment of Plaintiff's proposed amended complaint, his third objection cannot be sustained.

Remaining Objections:

The remainder of Plaintiff's objections to Magistrate Judge Whalen's Opinion and Order consist of a general challenge to Magistrate Judge Whalen's analysis of the six claims set forth in Plaintiff's proposed amended complaint. Despite believing that his proposed amended complaint would, in fact, survive a motion to dismiss, he has not pointed to any authority in support of his contention. Having thoroughly reviewed the arguments set forth by the parties, as well as the concise and thoughtful decision by Magistrate Judge Whalen, the Court is unable to conclude that the magistrate judge's opinion is afflicted by either a clearly erroneous factual finding or legal analysis that could fairly be described as contrary to law.

**B.  Plaintiff's Objections to Magistrate Judge Whalen's R&R recommending that this Court grant Defendant's motion for judgment on the pleadings**

As with Plaintiff's appeal of Magistrate Judge Whalen's Opinion and Order denying his motion to amend, Plaintiff's objections to the R&R generally challenge the correctness of Magistrate Judge Whalen's analysis.

Objection 1:

In his first objection, Plaintiff contends that Counts I-IV of his proposed amended complaint are not barred by the economic loss doctrine and points to caselaw from the State of Illinois to bolster this claim. As an initial matter, this Court is required to apply Michigan law; Illinois law is, frankly, irrelevant. More importantly, having reviewed the record de novo, the Court concludes that Magistrate Judge Whalen's determination that Plaintiff's tort claims are barred by the economic loss doctrine is a sound one. As Magistrate Judge Whalen explained, Plaintiff's claims arise from a loan and mortgage contract, and his claims for intentional infliction of emotional distress (Count I), negligent infliction of emotional distress (Count II), negligence (Count III), and fraudulent misrepresentation (Count IV) are therefore precluded by the economic loss doctrine.

Remaining Objections:

In his remaining objections, Plaintiff asserts that he has, in fact, stated viable claims for fraudulent misrepresentation, negligent misrepresentation, and breach of

contract.[7] He also asserts that he has sufficiently pled that Defendant engaged in extreme and outrageous conduct such that he should be able to proceed under his theories of intentional and negligent infliction of emotional distress. In essence, Plaintiff is using his objections as a vehicle to simply reassert the arguments he made before Magistrate Judge Whalen, and has not pointed to any specific error he believes has been committed. "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error" are too general to satisfy the objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). By simply rehashing the arguments,

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. . . . This duplication of time and effort wastes judicial resources rather than saving then, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). However, recognizing the Plaintiff is proceeding pro se, the Court will briefly touch upon Plaintiff's objections.

Plaintiff objects to the magistrate judge's determination that his intentional infliction of emotional distress count failed to state a viable claim for relief. This objection is without merit, as Plaintiff failed to allege extreme and outrageous

---

[7] Plaintiff does not specifically protest the magistrate judge's determination that Plaintiff's proposed amended complaint failed to state a viable negligence claim.

conduct on the part of Defendant. To plead a claim of intentional infliction of emotional distress under Michigan law, a Plaintiff must allege sufficient factual content to support the following elements: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir. 2010) (applying Michigan law) (citation omitted). As to the first element, the complained of "conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* (quotation omitted). No such conduct is alleged in the instant case.

Plaintiff's objection to the magistrate judge's treatment of his negligent infliction of emotional distress claim fares no better. The law in Michigan is clear: "Michigan has refused 'to apply the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result.'" *Samberg v. Detroit Water & Sewer Co.*, No. 14-cv-13851, 2015 U.S. Dist. LEXIS 58819, at *7 (E.D. Mich. May 5, 2015) (unpublished) (emphasis removed) (quoting *Duran v. The Detroit News*, 200 Mich. App. 622, 629, 504 N.W.2d 715, 720 (Mich. Ct. App. 1993)). No such circumstances are present in the instant action.

Plaintiff also objects to Magistrate Judge Whalen's determination that the statute of frauds bars his breach of contract claim. Plaintiff argues that various correspondence from Defendant and signed by an agent of Defendant constitute a separate contract from the mortgage and that this contract is an enforceable one. Plaintiff explains that he "is alleging breach of contract with regards to Defendant's separate promise to reinstate the loan when Plaintiff brings the installment payments current and the CRF's are verified." (ECF No. 39 at 14.) According to Plaintiff, Defendant promised – in writing – that it would provide Plaintiff with the documentation necessary to verify certain fees assessed to his account. In an exhibit attached to his objections to the R&R, Plaintiff attached several letters from Defendant, summarized below:[8]

> (1) February 4, 2014: "JPMorgan Chase Bank, N.A. is writing in response to your request for a reinstatement quote on the above-referenced account. The total amount due to reinstate this Loan is $7,962.56[.]"
>
> (2) February 10, 2014: "We recently received a request for information about the mortgage loan account referenced above and have enclosed your payment history."
>
> (3) February 12, 2014: "This letter is in response to your recent inquiry regarding the status of this Chase loan. Below is a list of Corporate Recoverable Fees."

---

[8] The Court has rearranged the presentation of the correspondence so that the letters are presented in chronological order.

14

> (4) February 23, 2014: "We are writing about the question we recently received about your mortgage loan. We're researching the issue and will send you a letter once our review is completed."

(ECF No. 39 at Ex. 2.) Plaintiff's position is that these letters created a separate enforceable promise to provide an accurate accounting of various fees charged to Plaintiff's mortgage loan account. The Court, however, disagrees. Plaintiff requested information from his lender and the lender indicated that it would provide the requested information. None of the above-referenced documents establish a promise to reinstate the loan, rather, the February 4, 2014 letter indicates that the loan would be reinstated upon receipt of $7,962.56 by February 28, 2014. Plaintiff did not remit the funds to reinstate the loan, and it is of no moment that he did not remit them because he wanted further documentation and verification of the charges prior to paying the reinstatement fee. Simply stated, no separate contract was created by the correspondence referenced above. There being no contract, Plaintiff cannot sustain a breach of contract claim.

Plaintiff's proposed negligent misrepresentation count fails for much the same reason. That is, Plaintiff explains that his claim "is based on Defendant's promise to reinstate the Plaintiffs Loan and that Defendant would provide the CRF's verification and related documents." (ECF No. 39 at 13.) As explained above, however, Defendant did not promise to reinstate the loan without conditions; rather, reinstatement was conditioned upon paying the amount due to

15

bring the loan current.  Further, and as Magistrate Judge Whalen correctly noted, a negligent misrepresentation claim requires a duty of care, and the pertinent contract (the mortgage) did not create a duty to entitling Plaintiff to the cost breakdowns he requested.  Accordingly, his proposed negligent misrepresentation claim fails as a matter of law.

Lastly, Plaintiff objects to the magistrate judge's conclusion that his proposed amended complaint fails to state a claim for fraudulent misrepresentation.  In the R&R, Magistrate Judge Whalen drew this conclusion based on the economic loss doctrine.  Other than arguing that he falls within a recognized exception to the economic loss doctrine under Illinois law, Plaintiff's objection reiterates his belief that he has stated a viable fraudulent misrepresentation count based on Defendant's failure to provide cost breakdowns and verification of various fees charged to his account.  While Plaintiff was not satisfied with the various cost breakdowns furnished by Defendant and was not satisfied with the other documentation provided, Defendant did indeed provide a breakdown of costs as requested by Plaintiff.  Plaintiff did not remit the amount necessary to bring his account current.  Therefore, there is no basis for permitting Plaintiff to proceed with his claim of fraudulent misrepresentation.

## IV.   CONCLUSION AND ORDER

Having carefully reviewed Magistrate Judge Whalen's Opinion and Order, as well as his R&R, and Plaintiff's objections thereto, the Court is unable to conclude that the magistrate judge committed any error or that Plaintiff's objections should be sustained. In sum, Plaintiff's proposed amended complaint fails to state a single viable claim for relief, and it was therefore proper for the magistrate judge to deny Plaintiff's request to amend. Further, the magistrate judge correctly determined that Defendant is entitled to dismissal of the claims asserted against it.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R as well as to the magistrate judge's Opinion and Order are **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for judgment on the pleadings is **GRANTED** and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated: September 16, 2015

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:
**Steven J. Doering**
36600 Weideman Street
Clinton Township, MI 48035

**Christyn M. Scott, Esq.**
**Kyle R. Dufrane, Esq.**
**Christopher R. Mikula, Esq.**
**Magistrate Judge R. Steven Whalen**